PER CURIAM.
In this case the appellant-husband appeals a trial court order directing him to continue making child support payments for his minor child who is now over the age of eighteen years, and to pay the appellee-wife’s attorney’s fees incurred in connection with proceedings initiated by the wife for enforcement of the child support order. We affirm.
The divorce decree in this case was entered in 1965, at which time the court ordered payment of child support by the husband “until further order of the court.” In July, 1975, pursuant to stipulation by the parties, an order was entered terminating the husband’s obligations to pay child support under a split-custody arrangement the parties desired to experiment with, with the further proviso that this arrangement should continue until September 1, 1976, after which date the parties could either agree or the court would rule on the future arrangement. In April, 1976, pursuant to the wife’s petition for modification, the court ended the split-custody arrangement and restored primary custody of the child to the wife, with visitation by the husband. No child support payments were ordered at that time. In October, 1976, upon the wife’s petition, the court ordered the husband to resume child support payments of $150.00 per month. The order was silent as to the future termination of child support.
The husband complied with the October 19, 1976 order through November, 1980, at which time he informed the trial court that the child had reached the age of eighteen, and that by operation of Section 743.07(1), Florida Statutes, enacted in 1973, reducing the age of majority from twenty-one to eighteen, no further obligation existed for child support payments by him. The husband did not seek a modification, but merely stopped payments.
On appeal, appellant relies upon language in White v. White, 296 So.2d 619 (Fla. 1st DCA 1974), for his contention that since the original child support order specified no time for termination of payments, there was no obligation existing prior to the effective date of Section 743.07, and that pursuant to the statute, his obligation to pay child support terminated upon the child’s reaching the age of eighteen. The husband further contends that the July, 1975 court order terminated his obligation to pay child support. Consequently, he argues, all rights and obligations existing prior to July 1, 1973 were terminated. Furthermore, he *232 contends, when the trial court ordered him to resume child support payments in October, 1976, that order, being subsequent to the enactment of Section 743.07, became subject to all provisions of that law.
Appellant’s reliance upon White v. White, supra, is misplaced, and we find Finn v. Finn, 312 So.2d 726 (Fla.1975), to be the controlling authority. In the Finn case, the court expressly held that an order for child support, predating the enactment of Section 743.07, without specifying a termination date, must be construed to require child support payments until age twenty-one. As for appellant’s second contention, that the order entered in July, 1975 terminating his child support obligation had the effect of vitiating any obligations arising under the original 1965 decree, as dictated by Finn, supra, we agree with the trial court’s determination that the 1975 order did not have the effect appellant urges. The trial court found, and we agree, that the 1975 modification, at the request of the parties, was only temporary in nature, and when child support payments were ordered in October, 1976, this was simply a resumption of the obligation for child support originally established in 1965.
On the second point, we find no abuse of discretion in the trial court’s assessment of attorney’s fees against the husband. See Jones v. Cockayne, 380 So.2d 1081 (Fla. 1st DCA 1980).
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WIGGINTON, JJ., concur.