427 So.2d 325 (1983)
Barbara S. ARCHER (Siek), Appellant,
v.
James L. ARCHER, Appellee.
No. 82-1677.
District Court of Appeal of Florida, Second District.
February 25, 1983.
David F. Kern, Clearwater, for appellant.
Jerome E. Wollinka, Holiday, for appellee.
OTT, Chief Judge.
A final judgment dissolving the marriage of the parties to this appeal was rendered in 1966. Pursuant to the provisions of a property settlement agreement, the father was ordered to make child support payments "during the minority" of a child of the parties. The father discontinued child support payments upon the child reaching the age of eighteen. The mother petitioned for enforcement to age twenty-one and for modification due to changed circumstances. The trial judge dismissed the mother's petition on the sole ground that section 743.07,[1] Florida Statutes (1981)  which became effective July 1, 1973  in redefining "minority" from twenty-one to eighteen, terminated the father's child support obligation. We reverse.
At the time the property settlement was entered into, and at the time the final judgment was rendered, the age of majority was twenty-one years. We hold that this entitled the mother to receive support until the child reached the age of twenty-one years. The saving provisions of section 743.07(3) prevented the statute from effecting an automatic change in the child support award from twenty-one years to eighteen years.
In Finn v. Finn, 312 So.2d 726 (Fla. 1975), the dissolution judgment under consideration merely ordered the father to pay child support to the two children of the parties *326 without any reference to the date such payments were to terminate. In holding that the legal child support obligation continued to age twenty-one despite the enactment of section 743.07, the supreme court stated:
The final judgment rendered prior to the effective date of this act had impliedly set the duration of legal dependency to ... age 21... . [T]he intent expressed in Section 3 of only the prospective operation of the act, of a denial of retrospective effect, and a positive disclaimer of intent to affect, ... `obligations existing prior to the effective date of this act', unerringly points to the conclusion that the effect of the court order previously rendered would not be modified solely by the statute going into effect.
Here the parties in their agreement and the court in the judgment of dissolution  both entered before the enactment of section 743.07  specified that child support payments would continue to "majority." In light of Finn v. Finn, we think this is tantamount to setting a specific duration to age twenty-one years. Similarly, in Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979), this court held that a judgment providing for child support payments until the child "shall become sui juris" was enforceable until the child reached twenty-one years, unaffected by the subsequent enactment of section 743.07.
The order of the trial court is reversed and the matter remanded for further proceedings consistent herewith.
CAMPBELL and LEHAN, JJ., concur.
NOTES
[1] Section 743.07. Rights, privileges, and obligations of persons 18 years of age or older.

(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section and except as otherwise provided in the Beverage Law.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.