MILLS, Judge.
Ira appeals a 1983 modification of a judgment of dissolution of marriage contending the trial court erred in continuing alimony, requiring the payment of $800 monthly child support and requiring child support for an adult child, a high school dropout. We affirm.
The judgment was modified previously in 1972. Ira was required to pay Rae $750 monthly alimony. She was to support the children from the alimony. The $750 was called alimony to allow Ira a tax advantage.
The challenged modification order reduces alimony to $300 monthly and requires child support of $400 per child per month. One of the two children was over 18 years of age but was under 21 years of age and was a high school dropout.
The intent of the 1972 modification order was to provide child support of $500 per month and wife support of $250 per month. The $750 in monthly alimony was deemed alimony to give Ira a tax break. The 1972 modification, order provided that in the *362 event Rae was no longer entitled to alimony, Ira was to pay $500 per month for support of the children. Therefore, the remaining $250 monthly was intended as wife support.
The modification order of 1983 provides for $300 per month in alimony and makes a separate provision for child support. The effect of this change is to increase Ira’s alimony obligation from $250 to $300 per month. The benefit of this increase is not much because the court removed Ira’s obligation to pay Rae’s income taxes on the alimony as required under the 1972 order.
Considering the circumstances of both parties, the trial court did not abuse its discretion in refusing to extinguish Ira’s alimony obligation. He no doubt has many financial obligations. But the fact remains that his medical practice generated over $100,000 last year. There is no indication that his practice will not generate this much in the future. Also, if Ira is a financial failure, it is due to his voluntary actions.
The 1972 modification order was intended to require $500 per month in child support. The 1983 modification amounts to a $300 increase in monthly child support payments. Given the ages of the children and the effects of inflation since 1972, this is not an unreasonable increase.
The original order requiring child support was made before the age of majority was reduced from 21 years to 18 years. Ira was therefore obligated to pay support for each child until that child reaches 21. Under Hodge v. Hodge, 409 So.2d 230 (Fla. 1st DCA 1982), this obligation is not affected by a temporary modification under which child support is not required. See also Archer v. Archer, 427 So.2d 325 (Fla. 2d DCA 1983).
Here, the trial court’s obvious intent was to provide for continuous child support by Ira. The court merely called the entire $750 monthly payment provided for in the 1972 agreement alimony at the request of the parties. When the court, in 1983, called part of that obligation child support, it was not a new order for child support but a modification and continuation of the original order.
Ira’s further argument that Aaron’s child support should have been terminated regardless of his age because he dropped out of school and is not employed is not persuasive. The trial court can require child support for each child until that child reaches 21. Here, the trial court listened to the testimony concerning Aaron and decided he still needed financial support. This is a discretionary decision.
The trial court did not abuse its discretion and we affirm the 1983 modification order.
THOMPSON and WIGGINTON, JJ., concur.