PER CURIAM.
This is an appeal from a final judgment in a habeas corpus proceeding involving the custody of Gregory I. Shenk, twelve years of age, and Douglas A. Shenk, eight years of age. These children are the sons of the father, petitioner in the trial court and of the mother, the respondent. The mother and father are divorced. The mother is appellant here.[1] She seeks reversal of a judgment which in part reads:
“1. That the petitioner is on the basis of the record before the Court entitled to the care, custody and control of the two minor children who are the subject matter of this action and such custody is awarded to the petitioner.
“2. That the judgment of the_ Court as set forth in Paragraph 1, above, is stayed and suspended conditioned upon the respondent’s carrying out her agreement made in open court whereby the respondent has agreed that she will return with the children of the parties hereto to Hamilton County, Ohio on or before December 11, 1960, and that she will thereafter permanently reside there until further Order of the Ohio Court. Such agreement was entered into by the respondent after the Court had announced its judgment that is set forth in Paragraph 1, above.
“3. That the petitioner carry out his agreement made in open court and join in a petition in the cause now pending between the parties hereto in the above referred to Ohio Court asking that the status of the custody of the children who are the subject matter of these proceedings, as well as all other terms and conditions of the decree and separation agreement, be restored to that which existed prior to the entry of the Order of November 9, 1960, referred to above, so that the custody of the children will be in the respondent subject to visitation rights to the petitioner, and that the petitioner will be obligated to resume support payments and other obligations set forth in the Ohio decree.”
The appellant-mother urges error in that: (1) The judgment was based upon an order of a sister state which was not entitled to full faith and credit. (2) The judgment, was against the manifest weight *288 of the evidence because there was no showing that the best interests of the children would be served by the judgment. (3) The judgment was a penalty or punishment to the mother. These points can be understood only in the light of the peculiar circumstances of this case. The facts were succinctly set forth by the judge in the judgment as follows:
“A. The parties were divorced from each other in Hamilton County, Ohio in 1959. In the divorce proceedings the parties had entered into a separation agreement and among the terms thereof was an agreement whereby the respondent, Jeanne M. Shenk, would be awarded custody of the children subject to visitorial privileges granted to the petitioner, Louis B. Shenk, and it was specifically provided that the said children should not be removed from the jurisdiction of the Hamilton County, Ohio Court of Common Pleas.
“B. After the entry of the decree of divorce on June 11, 1959, the respondent accepted all of the benefits provided for her in the decree and separation agreement until about the month of August, 1960, at which time the respondent, without leave of the Ohio Court, came to Florida with the said children. The respondent’s petition to remove the children from the jurisdiction of the Ohio Court, filed after such removal had actually been accomplished, was denied by the Ohio Court. Despite such denial respondent refused to return the children to the jurisdiction of the said Ohio Court.
“C. Upon the petition of petitioner, after notice to respondent, the said Ohio Court entered its Order on November 9, 1960 awarding custody of the children, who are the subject matter of these proceedings, to the petitioner. Respondent was represented in the hearing on the said petition by her Ohio counsel and, in addition had written to the Judge who heard the petition prior to the entry of the said Order.
“D. The custody order hereinabove referred to, entered on November 9, 1960, is a valid and subsisting order of a Court of competent jurisdiction and no change in circumstances since the entry of said Order has been demonstrated by the respondent which would be a predicate for the refusal by this Court to honor and recognize the same.
“E. The removal of the said children from their former residence in Cincinnati, Ohio has had the effect of depriving the children of the love and affection of both of their parents,,since they have been removed from a place where they could be visited by their father, and it would be to the best interest of the children if they were returned to their former place of residence, to wit: Cincinnati, Ohio.”
 The record reveals that the trial judge did not limit the hearing upon the writ to a consideration of the order of the sister state granting custody to the father. Appellant’s conclusion that the judge limited his judgment to the enforcement of the Ohio order is refuted both by the terms of the judgment and the record. Certainly the judge properly considered the Ohio order and his findings that the order was a valid and subsisting order of a court of competent jurisdiction and that no change in circumstances had been proved, are not shown to be error. In addition the judge did not limit the appellant in her testimony. To the contrary, it was the appellant who limited herself to proof that the children had a wholesome home in Florida. Such a showing is not sufficient to deprive the father of his rights nor is it a basis for depriving the children of the society of their father.
There is grave doubt as to the propriety of an appeal from this judgment which affirmatively shows that the judgment is based upon a stipulation in open court. We have fully considered all the *289 points raised because of appellant’s contention that she was given no choice in the matter because of the judge’s announced intention of granting custody to the father. Strictly speaking this contention is not supported by the record. The mother could have refused to join in the stipulation and entered her appeal (as she did, notwithstanding the stipulation).
No error having been demonstrated upon the points argued, the judgment is affirmed.
Affirmed.
HORTON, C. J., PEARSON, J., and PARKS, L. L., Associate Judge, concur.

. The appeal was heard upon application for constitutional writ staying cause, which was granted, and the cause was advanced pursuant to F.A.R. 4.5, subd. g(2), 31 F.S.A. In addition permission to appeal was granted pursuant to § 79.-11, Fla.Stat., F.S.A.