MANN, Judge.
In custody cases it is often impossible to do the right thing because there is no right thing. Here is a case in which both mother *494 and father are less than ideal parents, and after hearing the testimony the trial judge awarded to the father custody of two boys, the older of whom is a stepson adopted by him. The pronouncement of this ruling sent the mother into a highly emotional state. The attorneys and parties then conferred and stipulated that the custody of the older child should be awarded to the mother and of the younger child to the father. She appeals, urging Arons v. Arons, Fla.1957, 94 So.2d 849, as authority for the proposition that custody of several children should not be split.
What might have been in the trial judge’s mind is that the appellee’s mother would be available, as she has been, to care for the children, and that they would be better cared for with legal custody in the father under actual supervision of his mother. Or it may be that the chancellor thought the children’s mother needed to straighten herself out emotionally before assuming the burden of rearing these children. We are in either case reluctant to interfere with the sound judgment of a judge who has seen the parties and heard the evidence. The initial award of custody to the father is supported by the record, although we might have decided differently had any of us been the trial judge. Additionally, the appellant cannot now complain that split custody is unlawful when she herself stipulated to the judgment appealed from. Shenk v. Shenk, Fla.App.3d 1961, 126 So.2d 286.
This case seems to us much like Lindgren v. Lindgren, Fla.App.2d 1969, 220 So.2d 440, in which we affirmed a judgment awarding custody several days each week to each parent. There we pointed out that the mother had some personal problems to overcome before she would be entitled to full custody, and that the judgment is open to modification upon a proper showing.
We do not depart here from the rule that the mother is normally to be preferred as custodian of young children. Kelly v. Kelly, Fla.App.2d 1964, 163 So.2d 498. But this case was heard by a judge whose opportunity to evaluate these parents is better than our own. If since the entry of this final judgment the mother has become emotionally stable and can provide a loving environment for these children she may so indicate in a petition for modification. We cannot say that the judgment entered was the right one. There is no right one where neither parent is adequate to the challenge of parenthood. But it was agreed to in open court and is not legally erroneous.
Affirmed.
PIERCE, C. J., and LILES, J., concur.