371 So.2d 1070 (1979)
Mahmood MOHAMMAD, Appellant,
v.
Shahla Mahvis MOHAMMAD, Appellee.
No. EE-235.
District Court of Appeal of Florida, First District.
June 6, 1979.
*1071 Jean Laramore, Tallahassee, for appellant.
J. Klein Wigginton of McClure, Wigginton, Campbell & Owen, Tallahassee, for appellee.
MELVIN, Judge.
Upon initial consideration of the appeal from the final judgment entered in this cause, this court remanded the cause to the trial court to resolve three issues, to wit: 1) the issue of the custody of the children; 2) the enforceability of the Iranian antenuptial agreement; and 3) the fixing of attorney's fees incident to the appeal. Mohammad v. Mohammad, 358 So.2d 610 at 613 (Fla.1st DCA 1978). Thereafter, the necessary hearing was completed. The trial proceedings and order of the trial court dated April 20, 1979, is now properly before us for consideration. In the order the learned trial judge recited and adjudged:
"... Both parties were present through counsel and the Husband, Mahmood Mohammad, was present in person. Counsel for the Husband announced to the Court that there no longer existed the issue of child custody as Husband, Mahmood Mohammad, had abandoned his request that the children be awarded to him. Further, it was announced by Husband's counsel that Husband, Mahmood Mohammad, no longer desired to pursue the validity and applicability of the Iranian Antenuptial Agreement and thus abandoned that demand and request. The issue of attorney's fees to the Wife's attorney was not agreed upon by the Husband and thus was left for resolution by the Court based upon the Affidavits in the file and testimony of counsel. The Court being otherwise advised in the premises does ORDER AND ADJUDGE:
1. The issue of child custody has been abandoned by Husband, Mahmood Mohammad, and thus the care, custody and control of the children of the parties shall remain in the Wife, Shahla Mahvis Mohammad.
2. The issue of the validity and applicability of the Iranian Antenuptial *1072 Agreement has been abandoned by Husband, Mahmood Mohammad, and is no longer an issue to be considered by the Court in its determination of alimony for the Wife.
3. Mahmood Mohammad shall pay to Wife's attorney, Klein Wigginton, for his services incident to the appeal in the District Court of Appeal, First District, the sum of $5,800.00 on or before the 30th day of June, 1979, after which time let execution issue.
4. Wife's Motion for Entry of an Order Modifying the Final Judgment was withdrawn by her counsel from further consideration by the Court.
Appellant urges this court to reverse those provisions of the final judgment dated November 30, 1976, wherein lump sum alimony and periodic alimony were awarded to the appellee; that provision of the final judgment that directed the appellant to provide the appellee with an automobile; and that portion of the final judgment that directed the division of the joint savings account of the parties.
The question of the correctness of an order awarding permanent and/or periodic alimony is to be measured by the criteria of the need of the wife on the one hand and the ability of the husband to pay on the other. The appellant is a professional man of substantial wealth. Appellee has the need for and has only such income as is provided for her by the final judgment. Upon our review of this record, the appellant has failed to demonstrate reversible error; therefore, such provisions of the final judgment are affirmed. The remaining two questions that merit discussion are: 1) whether the lower court committed error by ordering the appellant to pay for his two children's college education, and 2) whether the lower court erred in ordering the appellant to support each of his children until such child attains the age of 21 years, marries, or becomes self-supporting.
We first consider the point as to appellant's obligation to pay for his children's college education. During the course of the proceedings, the trial judge requested the appellant and the appellee to submit alternative proposals concerning this and other questions. The record reflects that the appellant proposed to pay for his two children's college expenses including books, tuition, room and board, supplies and fees for a period of four years. The trial court simply accepted the offer of the appellant and he may not now be heard to urge that the court erred in doing so. If such provision was error, then it was invited, induced by the appellant and he may not be heard to complain here. He will not be permitted to gather fruit out of season in a garden of equity. See Gagnon v. State, 212 So.2d 337 (Fla.3d DCA 1968); 2 Fla.Jur. Appeals, Section 313, page 670 (1963).
We indulge the hope that when each child qualifies for college acceptance, the father and child will at the family forum determine, in the light of then existing economic conditions, what amount of money would be reasonable for the child's support. If such may not be so determined, it will then be concluded in the judicial forum.
The remaining point mandates a modification. The age limitation beyond which, absent a finding of dependency, a parent may not be required to support his or her child is that of 18 years, or such less time as within which the child becomes self-supporting or is married. That issue was determined by this court in Dwyer v. Dwyer, 327 So.2d 74 (Fla.1st DCA 1976). Dwyer does not collide with the opinion of our Supreme Court in Finn v. Finn, 312 So.2d 726 (Fla. 1975). It follows that the provision in the final judgment appealed from that requires parental support of each child until such child attains the age of 21 years is modified to read 18 years. Subject to the limitations set forth in Dwyer, unless plaintiff's child is eligible for and in good faith seeks a college education as discussed, point one above, the child will no longer enjoy entitlement to parental support.
The final judgment entered herein dated November 30, 1976, as herein modified, and the judgment of the trial court dated April 20, 1979, each is AFFIRMED.
McCORD, C.J., and LARRY G. SMITH, J., concur.