428 So.2d 347 (1983)
Robert C. SLATON, Appellant,
v.
Anne Conant SLATON, Appellee.
No. AO-18.
District Court of Appeal of Florida, First District.
March 22, 1983.
Kenneth E. Brooten, Jr., Gainesville, for appellant.
Allison E. Folds of Watson, Folds, Steadham, Sproull, Christmann & Brashear, Gainesville, for appellee.
JOANOS, Judge.
In this appeal from a final judgment of dissolution of marriage, appellant alleges that the lower court erred in: requiring him to provide a college education for each of his two children; requiring him to maintain a $100,000 life insurance policy to secure payment of permanent periodic alimony; awarding permanent periodic alimony; awarding his interest in the marital home as lump sum alimony; ordering him to pay wife's attorney's fees. We conclude that error has been shown as to the first two points raised.
*348 In the final judgment, the court found that prior to the parties' separation or the filing of the petition for dissolution, appellant "established with his father a trust for the express purpose of providing higher education and other necessities prior to that time for each of the children," and that the trust was intended for the benefit of the children. The court determined that appellant was to pay extraordinary expenses of the children in addition to basic child support; extraordinary expenses included "costs of public or private education through a baccalaureate degree... ." The court also determined that "majority shall not terminate husband's obligation to provide education." Finally, it was specifically stated in the order that appellant would serve as trustee of the Slaton Trust and the proceeds of the trust "may be used in whole or part to defray educational costs of the minor children [which] are otherwise the responsibility of husband."
Several Florida appellate courts including this one have held that a parent may not be ordered to provide support for a child who has reached the age of majority absent a finding of dependency, and since attendance at college does not necessarily render a person dependent, courts ordinarily have no authority to require a parent to provide an advanced education. See Jones v. Jones, 421 So.2d 815 (Fla. 4th DCA 1982); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). Therefore, the trial court erred in requiring appellant to provide each child with an education through a baccalaureate degree.
The present case differs from Mohammad v. Mohammad, 371 So.2d 1070 (Fla. 1st DCA 1979), in which this court affirmed an order that the father pay for his children's college education because the record showed he had proposed to pay the children's college expenses, including books, tuition, room and board, supplies, and fees, for four years. The lower court had merely accepted this offer, therefore any error was invited. In the present case, appellant merely testified that he and his father had established the trust in order to take care of the children's educations. This occurred prior to separation or dissolution proceedings. There was no offer to pay the expenses of an education through a baccalaureate degree, but merely an explanation of the origin of the Slaton Trust.
Appellee concedes that the lower court erred in requiring appellant to maintain a life insurance policy to secure payment of permanent periodic alimony, therefore we reverse as to that point.
While we find no reversible error as to the other three issues raised, this finding does not foreclose the lower court from reconsidering the final order in its entirety insofar as it deals with property distribution, support, and alimony, since such awards are interdependent.
REVERSED in part and REMANDED for further proceedings in light of this opinion.
SHIVERS and WENTWORTH, JJ., concur.