430 So.2d 542 (1983)
Buddy Gene WILKERSON, Appellant,
v.
Barbara Ann WILKERSON, Appellee.
No. AN-150.
District Court of Appeal of Florida, First District.
April 27, 1983.
*543 Gillis E. Powell, Sr. of Powell, Powell & Powell, Niceville, for appellant.
George Ralph Miller, DeFuniak Springs, for appellee.
JOANOS, Judge.
In this appeal from a final order modifying the final judgment of dissolution, appellant contends the trial court erred in granting appellee's petition to modify child support; ordering continued support for the minor daughter to age 21; denying appellant's motion to terminate alimony; and refusing to allow appellant to post an appeal bond which would operate retroactively to cover all sums including those due before the appellant applied for the bond. No reversible error was committed except as to the second point raised regarding continuing support to age 21 for the minor daughter. The remaining three points are affirmed.
The original dissolution occurred in 1975, thus the applicable age of majority for the children is 18 rather than 21. See Section 743.07, Florida Statutes (1973); Mohammad v. Mohammad, 371 So.2d 1070 (Fla. 1st DCA 1979). Under these circumstances there is no obligation to support the child after she reaches age 18 absent a finding of dependency, and attendance at college does not necessarily render a person dependent, see Slaton v. Slaton, 428 So.2d 347 (Fla. 1st DCA 1983); Jones v. Jones, 421 So.2d 815 (Fla. 4th DCA 1982); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). The trial court thus erred in ordering continued support for the 15 year old daughter until she "reaches age twenty-one (21), marries, dies, or ceases formal education for a period in excess of four months, or otherwise becomes self-supporting." The cases relied upon by appellee are distinguishable in that they involved pre-1973 dissolutions in which college expenses did not present the problem of post-majority support, see Jones v. Jones, 405 So.2d 775, 777 (Fla. 4th DCA 1981) (concurring opinion).
The final order is REVERSED in part and AFFIRMED in part.
MILLS and THOMPSON, JJ., concur.