# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2718
_____

BONNIE E. DANIELS,

   Appellant,

   v.

JUSTIN CAPARELLO,

   Appellee.

_____

On appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

April 20, 2018

WETHERELL, J.

Appellant, the mother, seeks review of a nonfinal order establishing the timesharing schedule for the parties' child. We affirm for the reasons that follow.

In 2015, the parties entered into a mediated settlement agreement to resolve the paternity action filed by Appellee, the father, concerning the parties' then two-year-old child. The agreement provided for shared parental responsibility and established a timesharing schedule for the father that gradually increased to "50-50/equal time sharing . . . beginning June 1, 2017, and thereafter." The agreement did not specify how the 50-50 timesharing would be structured, but rather provided that the

parties would mediate that issue in early 2017 if they were unable to agree on a schedule.

In May 2017, after an unsuccessful mediation, the father petitioned the trial court to establish the schedule for the parties' 50-50 timesharing. At the hearing on the petition, the judge stated his intent to order a "default week-on, week-off" schedule, but before that ruling was memorialized in a written order, the parties stipulated to a different schedule. The order entered by the trial court adopted the schedule stipulated to by the parties.

In seeking to reverse the trial court's order, the mother essentially raises three arguments. We find each argument to be without merit.

First, we summarily reject the mother's argument that the trial court erred in ordering 50-50 timesharing effective June 1, 2017, because as the trial court found, the clear and unambiguous language of the marital settlement agreement provides for 50-50 timesharing from that date forward. The only issue the agreement left open for subsequent litigation was "how that 50-50 parenting time schedule should be structured."

Second, with respect to the specific timesharing schedule established by the trial court, we agree with the father that the mother invited any error and cannot challenge that schedule on appeal because she stipulated to it. *See Mohammad v. Mohammad*, 371 So. 2d 1070, 1071 (Fla. 1st DCA 1979); *Duffy v. Duffy*, 247 So. 2d 493, 493 (Fla. 2d DCA 1971); *Shenk v. Shenk*, 126 So. 2d 286 (Fla. 3d DCA 1961).

Finally, we reject the mother's argument that the trial court erred by not expressly finding that the stipulated-to timesharing schedule was in the child's best interest. This argument was not preserved for appellate review because the mother never presented it to the trial court for a ruling. *See Hentze v. Denys,* 88 So. 3d 307, 311 (Fla. 1st DCA 2012); *LaCoste v. LaCoste,* 58 So. 3d 404, 405 (Fla. 1st DCA 2011)*; Owens v. Owens,* 973 So. 2d 1169 (Fla. 1st DCA 2007). We recognize that the mother argued at the hearing that "[t]here's a plethora of potential 50/50 schedules out there [a]nd the Court has to determine which of those schedules is in the best interest of the child." However,

2

after the trial court entered the order adopting the timesharing schedule stipulated to by the parties post-hearing, the mother did not file a motion for reconsideration or otherwise apprise the trial court that it still needed to find this schedule to be in the child's best interest. Moreover, because the mother does not argue on appeal that the schedule established by the trial court (which she agreed to) is not in the child's best interest, we decline to hold that the trial court's failure to make a best interest finding is fundamental error in this case.

Accordingly, we affirm the order establishing the 50-50 timesharing schedule for the parties' child.

AFFIRMED.

WOLF and ROBERTS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jerry L. Rumph, Jr. of Jennifer L. Sweeting, P.A., Tallahassee, for Appellant.

Robert A. McNeely and Melanie R. Leitman of Messer Caparello, P.A., Tallahassee, for Appellee.