# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2718
_____

BONNIE E. DANIELS,

Appellant,

v.

JUSTIN CAPARELLO,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

June 18, 2018

ON MOTION FOR CLARIFICATION, FOR REHEARING,
FOR REHEARING EN BANC, AND FOR CERTIFICATION

WETHERELL, J.

Appellant's motions for rehearing, rehearing en banc, and certification are denied, but her motion for clarification is granted in part. The opinion issued on April 20, 2018, is withdrawn and the following opinion is substituted in its place.

Appellant, the mother, seeks review of a nonfinal order establishing the timesharing schedule for the parties' child. We affirm for the reasons that follow.

In 2015, the parties entered into a mediated settlement agreement to resolve the paternity action filed by Appellee, the father, concerning the parties' then two-year-old child. The agreement—which was "ratified, confirmed, and approved" in the final judgment entered by the court in the paternity action—provided for shared parental responsibility and established a timesharing schedule for the father that gradually increased to "50-50/equal time sharing . . . beginning June 1, 2017, and thereafter." The agreement did not specify how the 50-50 timesharing would be structured, but rather provided that the parties would mediate that issue in early 2017 if they were unable to agree on a schedule.

In May 2017, after an unsuccessful mediation, the father filed a motion to enforce the 50-50 timesharing requirement in the mediated settlement agreement and to establish a schedule for the 50-50 timesharing. At the hearing on the motion, the judge stated his intent to order a "default week-on, week-off" timesharing schedule, but before that ruling was memorialized in a written order, the parties stipulated to a different schedule. The order entered by the trial court adopted the schedule stipulated to by the parties.

In seeking to reverse the trial court's order, the mother essentially raises three arguments. We find each argument to be without merit.

First, we summarily reject the mother's argument that the trial court erred in ordering 50-50 timesharing effective June 1, 2017, because as the trial court found, the clear and unambiguous language of the mediated settlement agreement provides for 50-50 timesharing from that date forward. By its terms, the only issue the agreement left open for subsequent litigation was "how that 50-50 parenting time schedule should be structured."

Second, with respect to the specific timesharing schedule established by the trial court, we agree with the father that the mother invited any error and cannot challenge that schedule on appeal because she stipulated to it. *See Mohammad v. Mohammad*, 371 So. 2d 1070, 1071 (Fla. 1st DCA 1979); *Duffy v.*

2

*Duffy*, 247 So. 2d 493, 493 (Fla. 2d DCA 1971); *Shenk v. Shenk*, 126 So. 2d 286 (Fla. 3d DCA 1961).

Finally, we reject the mother's argument that the trial court erred by not expressly finding that the stipulated-to timesharing schedule was in the child's best interest. This argument was not preserved for appellate review because the mother never presented it to the trial court for a ruling. *See Hentze v. Denys,* 88 So. 3d 307, 311 (Fla. 1st DCA 2012); *LaCoste v. LaCoste,* 58 So. 3d 404, 405 (Fla. 1st DCA 2011)*; Owens v. Owens,* 973 So. 2d 1169 (Fla. 1st DCA 2007). We recognize that the mother argued at the hearing that "[t]here's a plethora of potential 50/50 schedules out there [a]nd the Court has to determine which of those schedules is in the best interest of the child." However, after the trial court entered the order adopting the timesharing schedule stipulated to by the parties post-hearing, the mother did not file a motion for reconsideration or otherwise apprise the trial court that it still needed to find the stipulated-to schedule to be in the child's best interest. Moreover, because the mother does not argue on appeal that the *specific* schedule established by the trial court (which she agreed to) is not in the child's best interest,[1] we decline to hold that the trial court's failure to make a best interest finding is fundamental error in this case.

Accordingly, we affirm the order establishing the 50-50 timesharing schedule for the parties' child.

AFFIRMED.

WOLF and ROBERTS, JJ., concur.

---

[1] We did not overlook the mother's argument that 50-50 timesharing *in general* is not in the child's best interest, but that argument is foreclosed in this proceeding by the finding in the final judgment in the paternity action that the mediated settlement agreement requiring 50-50 timesharing effective June 1, 2017, "promotes the minor child's best interests." Thus, any challenge to the 50-50 timesharing established by the mediated settlement agreement and implemented in the order affirmed in this appeal will need to be pursued in a separate modification proceeding.

_____

Jerry L. Rumph, Jr. of Sweeting & Rumph, P.A., Tallahassee, for Appellant.

Robert A. McNeely of Messer Caparello, P.A., Tallahassee, for Appellee.