# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1663
Lower Tribunal No. 17-1952
_____

**Carlos G. Sanchez,**
Appellant,

vs.

**Gladys M. Sanchez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Lorenzen Law P.A., and Dirk Lorenzen, for appellant.

Raquel A. Rodriguez & Assoc., and Raquel A. Rodriguez; Lauri Waldman Ross, P.A., and Lauri Waldman Ross, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

FERNANDEZ, J.

Carlos Sanchez ("Former Husband") appeals the trial court's non-final order granting Gladys Sanchez's ("Former Wife") motion for contempt. We reverse in part and remand as to the Former Wife's confession of error and affirm as to all other issues.

After final judgment was entered in this dissolution of marriage case, Former Husband and Former Wife entered into a Final Settlement Agreement ("FSA") resolving ongoing disputes in the family court case and in a separate civil court case. As a result of Former Husband's failure to pay Former Wife under the terms of the FSA, Former Wife moved for contempt. After conducting two hearings on the motion and renewed motion, the trial court entered an order granting the motion. Former Husband appealed.

This Court has jurisdiction over non-final orders that "determine[ ] the right to immediate possession of property" and "determine[,] in family law matters[,] the right to immediate monetary relief" under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), (iii)(a). The standard of review of a trial court's findings of contempt is abuse of discretion. See Fox v. Haislett, 388 So. 2d 1261, 1265 (Fla. 2d DCA 1980).

On appeal, the Former Wife confessed the following error: "[T]he order improperly added the Former Husband's current wife and required **her** execution of documents necessary to effectuate the note and mortgage[ ]

2

and ordered [attorney's] fees for preparation of the foregoing note and mortgage." (Emphasis in original). We agree that this was error, reverse in part, and remand to correct the error stated in the Former Wife's confession. Indian Harbor Ests., Inc. v. Wagner, 148 So. 2d 757, 757 (Fla. 1st DCA 1963) ("In this posture of [the] appeal[,] our conclusion is to reverse the said [order] upon the said confession of errors without expressing any opinion as to the extent of the error or errors. The [order] is therefore reversed and the cause remanded for such proceedings as are consistent with the laws and rules of practice governing such cases.").

We affirm as to all other issues. See State v. Clark, 373 So. 3d 1128, 1131 (Fla. 2023) ("It is well established that issues not properly preserved are waived     Parties are required to preserve arguments because it allows the lower tribunal to consider and resolve errors when they arise, rather than wait for the process of an appeal and expend the judicial resources that come with that procedure."); DeHoff v. Imeson, 15 So. 2d 258, 259 (Fla. 1943) ("[B]y lapse of time the issues presented have become moot............"); Mohammad v. Mohammad, 371 So. 2d 1070, 1072 (Fla. 1st DCA 1979) ("The record reflects that the appellant proposed to pay for his two children's [c]ollege expenses including books, tuition, [r]oom and board, supplies and fees for a period of [f]our years. The trial court simply accepted the offer of

the appellant[,] and he may not now be heard to urge that the court erred in doing so. If such provision was error, then it was invited, induced by the appellant[,] and he may not be heard to complain here.").

      Affirmed in part; reversed in part and remanded.