# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0593
Lower Tribunal No. 21-8594-FC-04
_____


**Miguel Gonzalez**,
Appellant,

vs.

**Sabrina Henry**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Miguel Gonzalez, in proper person.

No appearance, for appellee.


Before EMAS, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 61.13(2)(c)1., Fla. Stat. (2024) ("Unless otherwise provided in this section **or agreed to by the parties**, there is a rebuttable presumption that equal time-sharing of a minor child is in the best interests of the minor child.") (emphasis added); <u>Daniels v. Caparello</u>, 249 So. 3d 760 (Fla. 1st DCA 2018) (holding that mother could not challenge the terms of the timesharing schedule on appeal because she expressly agreed to those terms in the parties' mediated settlement). <u>See also</u> <u>Bryan v. Wheels</u>, 295 So. 3d 889, 890 (Fla. 1st DCA 2020) ("Modification proceedings are 'entirely different' than initial custody decisions, . . . and courts have considerably less discretion in considering them 'because they disrupt children's lives.' Parties seeking to modify a parenting plan must show 'a substantial, material, and unanticipated change in circumstances and . . . that the modification is in the best interests of the child.") (internal citations omitted); <u>Garcia v. Guiles</u>, 254 So. 3d 637, 640 (Fla. 1st DCA 2018) ("'Demonstrating to the court that there has been a sufficient substantial change in circumstances places an extraordinary burden on the party seeking to modify the underlying judgment.'") (citation omitted).