312 So.2d 726 (1975)
Leonard H. FINN, Petitioner,
v.
Mildred J. FINN, Respondent.
No. 45729.
Supreme Court of Florida.
March 26, 1975.
Rehearing Denied June 11, 1975.
*727 Shalle Stephen Fine and Steven R. Brownstein, Miami, for petitioner.
Murray A. Greenberg, Greenberg & Greenberg, Miami Beach, for respondent.
WILLIS, Circuit Judge.
This is a review of the judgment and opinion of the District Court of Appeal, Third District, in Finn v. Finn, Fla.App. (3rd), 1974, 294 So.2d 57. It is asserted that this decision is in direct conflict with Perla v. Perla, Sup.Ct.Fla. 1952, 58 So.2d 689 and with Fincham v. Levin, Fla.App. (1st), 1963, 155 So.2d 883. We also note a conflict with White v. White, Fla.App. (1st) 1974, 296 So.2d 619, which was decided after the Finn case on review here. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
In the case sub judice the court of appeal affirmed a post judgment order of the trial court in a dissolution of marriage case. The final judgment was rendered December 14, 1971 and, among other things, granted a divorce and dissolution of the marriage of the parties, awarded custody of the adoptive children of the parties to the mother with liberal visitation rights in the father, and ordered the father to pay the mother "as and for child support for Curtis and Keith Finn the sum of $100.00 per week". The post judgment order under attack was made November 29, 1973 and was pursuant to a hearing on the motion of the mother for an order enforcing the child support provisions of the final judgment. The Order recited that the parties had agreed that the boys attained age 18 on September 29, 1973 and also that the father as of that date stopped paying the $100.00 per week child support. It was also stated in the Order that it was agreed that the boys are each attending college and that neither is physically or mentally handicapped. Though not stated specifically, it is obvious that the boys are twins.
The Order succinctly defines the issue involved by observing that the mother argues that under the terms of the final judgment the $100.00 per week support was to continue until the boys reached age 21 and that the father contends the support should terminate on the date the boys attained age 18.
The trial judge granted the motion and ordered the father to pay all arrearages with interest and to pay the $100.00 per week for child support until the "children" attain the age of 21 years.
The court of appeal affirmed and in doing so construed Chapter 73-21, Laws of Florida, 1973, (F.S. 743.07) which reduced the age of majority from 21 to 18, and made other provisions for the transition of the change, effective July 1, 1973. It was pointed out that Section 2 of the Act authorizes a court to provide dependent persons *728 beyond the age of 18 with support and that Section 3 clearly indicates that the statute is not to have an impact on obligations existing prior to the effective date of the act. It was then stated:
"Prior to July 1, 1973, the appellant was obligated to support the children of the marriage until they reached the age of 21 years. Under the provisions of the act, these obligations were not to be disturbed."
The parties seem to be in agreement that the question involved is whether or not the father's obligation to pay child support automatically terminates upon the children's attaining age 18. However, this question is to be considered in the light of the particular circumstances involved here, namely: (1) The final judgment was rendered more than a year prior to the effective date of Chapter 73-21; the judgment merely ordered payment of a weekly sum for support of the children without specification of the duration of such payments; the boys reached age 18 subsequent to the effective date of Chapter 73-21; and the boys are not mentally or physically handicapped and are attending college. There is no issue of ability of the father to pay.
In Perla v. Perla, supra, the Supreme Court stated:
"Generally, the obligation of a parent to support a child ceases when the child reaches majority, but an exception arises when the child is, from physical or mental deficiencies, unable to support himself."
The case of Fincham v. Levin, supra, which is also cited as being in conflict with the case sub judice, involved an order of support in a Uniform Reciprocal Enforcement of Support Act case (F.S. Chapter 88) in which a father was directed to pay support for an adult daughter who had never been married, had been since birth an epileptic, mentally and physically unable to care for or support herself, needed medical treatment and had always been under the care of her mother, who was divorced from the father some years previously. The court of appeal affirmed the trial court and in doing so recognized that the rule at common law was that parents are obligated to support only their minor children and that there is no obligation to support an adult child. However, it was stated that this is the rule with respect to able-bodied children. Perla v. Perla was cited and other authorities were mentioned that reflected that most jurisdictions hold that where a child is of a weak body or mind, unable to care for itself after coming of age, the parental rights and duties remain practically unchanged and the duty to support continues as before.
Both of these cases were decided long before the enactment of Chapter 73-21 and at a time when the age of majority in Florida was 21. However, they do indicate that the attainment of majority, whatever may be the age prescribed by law for acquiring that status, terminates the obligation of a parent to support an offspring unless there is a physical or mental disability rendering continued support necessary. We must consider if Chapter 73-21 renders the strict application of this general rule proper in a case such as is involved here.
The case of White v. White, supra, does construe Chapter 73-21 and, by a divided court, reached the conclusion that the term "dependent person", as used in the statute designating the age of 18 as the the age of majority but also providing that it shall not prohibit any court from requiring support for a dependent person beyond the age of 18 years, refers only to a person over that age who is unable, by reason of physical or mental incompetency or inability, to be independent. The case involved an order of the trial court requiring a father to pay the mother of an offspring over 18 years of age support for that offspring. A final judgment of divorce was entered in 1969 which awarded custody of a then 15 year old son to the mother and required payment of a stated sum for child support without specifying what would terminate *729 the duty or when it would cease. A modification in 1970 reduced the amount of the payments and provided they should continue "until further order of the court". A still later order, on August 31, 1971, raised the amount of support but was silent as to a termination date and also omitted a provision that payments contiue "until further order of the Court". The son reached age 18 on February 6, 1972 and following the effective date of Chapter 73-21 (July 1, 1973) the father discontinued making payments. The mother sought enforcement. It was made to appear that the son had worked but was injured on the job so that he drew workmen's compensation, but had no permanent disability and since the injury he had worked on a construction job which he quit to go to school with a view of ultimately attending law school. The trial judge ordered the payments to be continued since the son was attending junior college and expressed the view that the son is entitled to a college education at the expense of his parents.
The majority opinion in White cited Finn v. Finn, supra, the case sub judice, and sought to distinguish it by erroneously noting that the original final judgment in Finn provided for support payments to continue until the children reached age 21. However, the White majority disagreed with Finn in what White deemed was the holding in Finn, namely, that the word "dependent" used in Section 2 of Chapter 73-21 means "without independent means of support as distinguished from physical or mental disability". It was concluded that "dependent" was intended to designate a person over 18 unable by reason of physical or mental incompetency or inability to be independent.
The case sub judice turns on the proper application of Sections 2 and 3 of Chapter 73-21 to the particular circumstances here involved. Section 2 provides that the disability of nonage is removed for all persons who are 18 years of age or older "and they shall ... suffer the ... obligations of all persons 21 years of age or older ...". There is a proviso which is in pertinent part as follows:
"Provided, however, this act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; ..."
Section 3 provides:
"This act shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to the effective date of this act."
At the time the final judgment was entered the age of majority was 21 and an order then to pay periodic child support would, without other specificity or modification by subsequent judicial or legislative action, continue until the child reached age 21. See Bosem v. Bosem, Fla.App. 1972, 269 So.2d 758. The father contends that Chapter 73-21 by operation of law modified the duration of the child support ordered so as to terminate it when the twins reached age 18.
It seems clear that the legislature, by the portions of the statute above mentioned, made an exception to the full sweep of reducing the age of majority to 18 and recognized that notwithstanding attainment of such age one could be a dependent person and that a proper court could require support for such person. The final judgment rendered prior to the effective date of this act had impliedly set the duration of legal dependency to extend to age 21 of the boys. Such action was that of a court of competent jurisdiction requiring support beyond the age of 18 years. Even if it may be argued that the statute is itself a finding that an able-bodied person reaching age 18 is no longer a "dependent person" the intent expressed in Section 3 of only the prospective operation of the act, of a denial of retrospective effect, and a positive disclaimer of intent to affect, among other things, "obligations existing prior to the effective date of this act", unerringly points to the conclusion that the effect of *730 the court order previously rendered would not be modified solely by the statute going into effect.
The title to the act includes this statement: "... providing that this act shall not affect court-ordered support ..." It is recognized that the title of an act is not a part of the basic act, as the operative provisions are those which follow the enabling clause, but the title has the important function of defining the scope of the act. This principle was stated in Hillsborough County v. Price, Fla.App., DCA (2nd) 1963, 149 So.2d 912. Titles to legislative acts must not be misleading or so constructed as to avert inquiry as to provisions contained in them. Roddenberry v. State, 152 Fla. 197, 11 So.2d 582. The title to this act would indicate that nothing in the law would affect court ordered support. The act itself deals more narrowly with this matter but is certainly consistent with a construction that court orders for support entered prior to the effective date of the act would not be automatically changed by the provisions of the act. Thus construed, the title is not misleading of the contents of the act.
The case of VanLoon v. VanLoon, 132 Fla. 535, 182 So.2d 205, cited by petitioner in oral argument is not inconsistent with the conclusions reached here.
A similar conclusion to that of the case sub judice was reached in Field v. Field, Fla.App., DCA (2nd), 291 So.2d 654 which held the trial court in error for modifying, sua sponte, a support order in a judgment by changing the termination date of payments from age 21, as provided in the judgment of divorce, to age 18. The court observed the prospective operation of Chapter 73-21. In Ackerly v. Ackerly, Fla.App., DCA (2nd), 296 So.2d 66, the same court held that an 18 year old, who, though employed but was terminating his employment to further his education would nevertheless be entitled to receive support beyond age 18 as the mere fact of his reaching the age of majority of 18 is not retroactive and does not terminate pre-existing rights of the child.
It is recognized that a parent has the obligation to nurture, support, educate, and protect his minor children and the child has the right to call on him for the discharge of this duty. State ex rel Airston v. Bollinger, 88 Fla. 123, 101 So. 282. See also Fekany v. Fekany, 118 Fla. 698, 160 So. 192. If there is a duty to educate it would naturally follow that pursuits of college education by the offspring does not of itself negative a need for his parents' assistance. Certainly enrollment in undergraduate classes in a college does not classify the son or daughter as utterly independent.
The father argues that the order requiring him to continue making support payments after the twins reached age 18 is contrary to the legislative intent. He complains that to make parents, in essence, quasi-sureties of these obligations solely because the child does not want to work but wishes to lounge around in college for 10 years would be contrary to reason. Such an argument presupposes that the boys have enrolled in college solely to avoid employment at a gainful occupation, that they will pursue a life of indolence while in college, and will do so for ten years. There is nothing in the record of this case to support the existence of any such circumstances, and if this is given only as an example of a possible application of the trial court's conclusions it wholly misses the mark. Certainly to be dependent, the offspring must pursue in good faith the furtherance of his education, and such pursuit must also be accompanied by a need for help beyond his own reasonable capacity to provide for himself. If the father deems the dependency does not in fact exist he may seek a modification of the order. However, the mere chronological passing to the 18th anniversary of the birth of the sons does not automatically change a court order which either by its terms or by implication would be operative until the 21st birthday.
*731 The conclusion in White v. White, supra, that "a dependent person" is limited to one who is dependent because of physical or mental incompetence or inability is much too narrow.
The dissenting opinion of Judge McCord in the White case is appropriate here and sound in every respect. It is said:
"It is my view that since the operation of the new statute is prospective rather than retroactive, and under the previous order at the time it was entered the father was obligated to make support payments until his son reached age 21, and since the new statute further authorizes the court to require support for a dependent person beyond the age of 18 years, the statute did not nullify the court's previous support order upon the son reaching age 18. If appellant desired at that time to have the support modified or terminated on the ground that the former minor was self-supporting, he should have filed a petition seeking such relief. Upon the filing of such petition, it would then become the duty of the trial judge under the evidence presented at the hearing thereon to determine the question of dependency in the exercise of his sound discretion considering the circumstances of the parents and the needs of their offspring. The question of whether or not the offspring is satisfactorily pursuing an education to become better equipped for life and the reasonableness of such pursuit would be relevant to the question of his dependency."
In this age of sophisticated technology and economic complexity with the necessity of development of special skills to qualify for pursuit of a trade, profession or to obtain employment, a person over 18 and less than 21 may indeed be dependent on the help of others to obtain what education and training is needed to be competitive in the economic system in which he must make his way. He and society have a right to expect his parents to meet that need to the reasonable extent of their ability to do so, and nothing in Chapter 73-21 says otherwise.
The views expressed herein are in conformity with the decision rendered by this Court in Daugherty v. Daugherty, 308 So.2d 24, 1975.
Accordingly, the decision of the District Court of Appeal, Third District, is hereby approved.
It is so ordered.
ADKINS, C.J., ROBERTS, McCAIN and OVERTON, JJ., and ANDERSON, Circuit Judge, concur.
SIEGENDORF, Circuit Judge, dissents with opinion.
SIEGENDORF, Circuit Judge (dissenting):
I respectively dissent for the reasons expressed by Boyer, J. in White v. White, 296 So.2d 619 (Fla. First District Court of Appeal 1974).