PER CURIAM.
Appellant appeals an order of the trial court finding that the appellee was not obligated to continue paying support payments for a child who had reached her eighteenth birthday. The final judgment of divorce dated January 19, 1971, which of course predated the order here appealed, simply provided that the defendant (appel-lee here) “pay to the plaintiff * * * child support * * * until the further order of this court.” That is, there was no provision that the child support payments continue until the subject child attain any particular age, specifically 21 years. There is no indication in the record that said final judgment was based upon any agreement or stipulation of the parties. Appellant, while conceding that the facts in the case sub judice are very similar to those in White v. White, Fla.App. 1st 1974, 296 So.2d 619, nevertheless urges that the White case has been reversed by applica *234 tion of Daugherty v. Daugherty, Sup.Ct. Fla.1975, 308 So.2d 24, Case No. 45,587, opinion filed January 22, 1975. We do not so find. Daugherty is clearly distinguishable from White and does not explicitly nor by implication overrule nor reverse same. Accordingly, on authority of White v. White, supra, the order here appealed is
Affirmed.
RAWLS, C. J., and BOYER, J., concur.
McCORD, J., concurs specially.