327 So.2d 74 (1976)
Edward Joseph DWYER, Appellant,
v.
Betty Jean DWYER, Appellee.
No. Z-33.
District Court of Appeal of Florida, First District.
February 20, 1976.
Lacy Mahon, Jr., Mahon, Farley & Vickers, Jacksonville, for appellant.
Elliot Zisser, Jacksonville, for appellee.
BOYER, Chief Judge.
The parties, formerly husband and wife, were divorced by final judgment dated October 21, 1968. Custody of the two minor children of the parties was awarded to their mother, appellee here. The children's father, appellant here, was required to make semi-monthly support payments. No termination date for the child support payments was contained in the final judgment. Chapter 73-21, Laws of Florida, removing the disability of non-age of persons 18 years of age, became effective July 1, 1973.[1] Upon the older of the offspring of the parties becoming self-supporting and the younger attaining 18 years of age appellant petitioned for modification of the final judgment seeking, inter alia, termination of the child support payments. By the order here appealed, which is dated May 28, 1975, the learned trial judge terminated support for the older offspring whom the parties stipulated to be self-supporting but required continued support for the younger one although admittedly over the age of 18 years and not found by the trial judge to have been dependent.[2]
*75 In Finn v. Finn, supra, the Supreme Court of Florida held that since Chapter 73-21 is prospective in application, child supports which had been ordered prior to the effective date of the act did not necessarily terminate on the "child" attaining 18 years of age and that a person over the age of 18 years might nevertheless be "a dependent person" although not physically nor mentally incompetent. The writer of that opinion laboriously considered the concept of dependency but there is nothing in the opinion to suggest that a person over the age of 18 but under the age of 21 who is physically and mentally competent is presumed to be "a dependent person". Indeed, it is quite clear that Finn v. Finn and Chapter 73-21, Laws of Florida, anticipate that court-ordered support of a person over the age of 18 years must be conditioned upon a determination and finding of dependency.
The mere fact that a person is attending a university or college does not render him or her dependent. Notwithstanding the dictum found in Finn v. Finn to the effect that a parent has the obligation "to nurture, support, educate and protect his minor children" we are cited to no authority, and independent research has failed to reveal any, for the proposition that sui juris offspring of parents living in domestic tranquility and harmony have a legal right to require parental support while attaining a college education. Neither are we acquainted with any authority for affording to offspring of a dissolved marriage any greater rights than would have been enjoyed in a family of domestic tranquility. Indeed, such an anomalous dichotomy would appear to be against public policy; because were such to be the case it would be for the benefit of the offspring of happily married parents to sow seeds of discord in order to be assured of parental support in pursuing a college education. As this Court said in White v. White,[3]
"* * * It is certainly desirable and laudable for parents to encourage their offspring to get a college education, if he or she is college material. However, there are many parents who enjoy complete domestic tranquility but who do not, either from personal choice or inability or otherwise, give their children a college education. The fact that domestic whirlwinds cause a severance of the marriage does not enhance the rights of the children nor alter the obligations of the parents. Certainly if the parents were still married and enjoying domestic harmony a suit would not lie by the child or either parent to require parental support for a college education. Neither may such be accomplished in a dissolution of marriage forum." (296 So.2d at pages 623 and 624)
In summary, it being apparent that an independent adult person is not entitled to court-ordered parental support and the record on appeal being devoid of any evidence of dependency[4] and the learned trial judge having failed to make any determination or finding of dependency, the order here appealed which requires appellant to continue paying to appellee support payments for their adult offspring is
Reversed.
RAWLS, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] See White v. White, Fla.App.1st 1974, 296 So.2d 619 in which Chapter 73-21, Laws of Florida, is quoted in toto.
[2] The order here appealed recites that "The remaining minor child, namely: John Edward Dwyer, is presently 18 years of age and is expected to secure employment for the summer months of the present year and enter a college or university in the fall." The record reveals no finding either in the order here appealed nor elsewhere of dependency. Such a finding, or the absence thereof would appear to be important in the light of Finn v. Finn, Sup.Ct.Fla. 1975, 312 So.2d 726 and Dinkel v. Dinkel, Sup.Ct.Fla. 1975, 322 So.2d 22. It will be noted that in the latter case the opinion of the District Court which was being reviewed by the Supreme Court was quashed, apparently because the District Court failed to recite a specific finding. In its opinion, the Supreme Court said:

"* * * Without even finding an abuse of discretion, the District Court substituted its opinion for that of the trial judge as to which parent would best satisfy the welfare of the child. * * *" (322 So.2d at page 24; emphasis added)
[3] Supra. See also Crumpton v. Crumpton, Fla.App.1st 1975, 314 So.2d 233.
[4] Rule 3.6l, FAR provides in material part: "Unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the Court contains all proceedings in the lower court material to the points presented for decision in the Court." (emphasis added)