427 So.2d 259 (1983)
Knobby J. THOMAS, Appellant,
v.
Eileen M. THOMAS, Appellee.
No. 82-511.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
Steven Burrage of Robert D. Melton, P.A., Orlando, for appellant.
Arthur Baron, Orlando, for appellee.
COBB, Judge.
The issue in this case is whether the trial court erred by granting appellee, Eileen Thomas, exclusive use and possession of the marital home until the youngest child graduated from college. We hold it did and reverse.
Eileen and Knobby Thomas were granted a dissolution of marriage on January 18, 1982. As part of the amended final judgment of dissolution, the trial court ordered the following:
The wife is hereby awarded sole and exclusive use and possession of the marital domicile of the parties until the youngest child reaches the age of majority. If, however, at that time the youngest child is a full-time college student, then the wife shall continue to have sole and exclusive use and possession until or so long as the youngest child continues to be a fulltime college student making satisfactory progress towards his undergraduate degree.
Appellant contends this provision improperly imposes upon him the obligation to provide support to his children after they have attained majority. We agree.
We are not confronted here with a situation such as in Finn v. Finn, 312 So.2d 726 (Fla. 1975), and Owens v. Owens, 415 So.2d 855 (Fla. 5th DCA 1982), where a final judgment was granted prior to the effective date of section 743.07, Florida Statutes (1981),[1] with the child reaching majority *260 sometime thereafter. It is clear that the statute was to have only prospective operation, with no effect on obligations existing prior to its effective date. Therefore, any judgments entered prior to that time could properly allow child support to continue until age 21. See Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975). Similarly, decisions of the district courts of appeal following Finn have generally held that no duty exists to support a non-dependent child past age 18 where the final order of dissolution was entered after the statute's effective date. See Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).
In the instant case, it is clear that the final judgment of dissolution was entered well after the effective date of the statute, allowing for a duty to support only until age 18 absent a showing of dependency. The children here were ages 15 and 11 at the time the final judgment was entered, with no physical or mental deficiencies present in the record. The trial court allowed child support in the form of the use and possession of the marital home by the custodial parent to continue beyond majority as long as the youngest child was in college. The trial court apparently saw the attendance at college as a form of dependency, requiring the additional support. We disagree.
Generally, the obligation of a parent to support a child ceases when the child reaches majority, but an exception arises when the child, because of physical or mental deficiencies, is unable to support himself. Perla v. Perla, 58 So.2d 689 (Fla. 1952). Attendance at college does not rise to the level of dependence envisioned by the Supreme Court in Perla, so as to require a divorced parent to pay for a child's education. This view has been adopted by the other district courts of appeal in this state,[2] despite dictum to the contrary found in Finn. This comports with the principle that a divorced parent does not have a greater legal obligation to his child than does a parent who has not been divorced. Here, there has been no showing of any dependency as that term is defined by Perla, and the mere fact that children are in college cannot allow support beyond majority to continue.
There is an apparent conflict among Florida appellate courts as to whether or not a dissolution proceeding is the proper forum in which to establish the existence of an obligation to support adult dependent children. See, e.g., Perla v. Perla, 58 So.2d 689 (Fla. 1952); Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). That point need not be addressed in the instant case, however, because of our resolution of the evidentiary problem.
The trial court's award of the exclusive possession of the home in the instant case is a form of child support; insofar as such award extends beyond the majority of the youngest child, it is reversed. Should either of the children, upon reaching eighteen, wish to claim a continued reliance on this source of support, he may then file the appropriate action on his own. See Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982).
The lower court order is affirmed in all other respects.
*261 AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
SHARP, J., and SMITH, C. McFERRIN, III, Associate Judge, concur.
NOTES
[1] Section 743.07 provides as follows:

(1) The disability of non-age is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the state constitution immediately preceding the effective date of this section and except as otherwise provided in the beverage law.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in Chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.
[2] Genoe v. Genoe, 373 So.2d 940 (Fla. 4th DCA 1979); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA), cert. dismissed, 319 So.2d 31 (Fla. 1975); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).