440 So.2d 642 (1983)
In re the Marriage of June B. KEENAN, Appellant,
v.
Thomas P. KEENAN, Appellee.
No. 82-881.
District Court of Appeal of Florida, Fifth District.
November 17, 1983.
*643 James R. Dressler, Cocoa Beach, for appellant.
No appearance for appellee.
ORFINGER, Chief Judge.
This is an appeal from an order denying appellant's petition for modification of a child support award. Modification was sought on the sole basis that the child, although arriving at age eighteen, was still in high school and thus "dependent" within the purview of section 743.07(2), Florida Statutes (1981). In order to maintain uniformity in this Court's decisions, the court has, on its own motion, considered this case en banc. Fla.R.App.P. 9.331(a), (b).
Appellant June Keenan and Appellee Thomas Keenan were divorced on November 26, 1980. As part of the divorce judgment, appellee husband was required to pay child support for the parties' son, Daniel Scott Keenan, in the amount of $110.00 per week, until further order of the court.
Mrs. Keenan filed a supplemental petition for modification of the alimony and child support in February, 1982, in which she alleged, inter alia, that although Daniel Scott Keenan would attain the age of eighteen on February 12, 1982, he was a full-time senior at Merritt Island High School and thus would "still be totally dependent" upon his parents for support. She requested continuation of such support until her son finished high school and received his diploma.
Mr. Keenan filed a response and a counter-petition and then filed a motion to terminate support payments on the ground that Daniel had attained eighteen years of age on February 12, 1982, and was no longer subject to support.
Based on stipulated facts, the court entered the order appealed from, which in pertinent part says;
DANIEL SCOTT KEENAN, born February 12, 1964 is currently 18 years of age, lives with Petitioner, JUNE B. KEENAN, his natural mother, is a full-time highschool [sic] student currently enrolled in the 12th grade at Merritt Island Highschool [sic], Merritt Island, Florida and is without gainful employment except a part-time job which provides minimal income to him.
And the Court having heard argument of counsel for Petitioner and Respondent and no evidence being heard by the Court, the Court is of the opinion that DANIEL SCOTT KEENAN under the stipulated facts is not a dependent person and the Court is without jurisdiction to order Respondent, THOMAS P. KEENAN, to pay support for said child. It is thereupon
ORDERED AND ADJUDGED:
1. Respondent THOMAS P. KEENAN's Motion to Terminate Support Payments for DANIEL SCOTT KEENAN be and the same is hereby granted and Respondent's legal obligation to contribute to the support of DANIEL SCOTT KEENAN is terminated effective immediately.
Section 743.07, Florida Statutes (1973) was made effective July 1, 1973 and reduced the age of majority from twenty-one to eighteen. Two sections of that statute are pertinent here:
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person *644 beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.
Appellant's contention that a child's attendance at school, by itself, makes that child "dependent" although the child is past the age of eighteen, was addressed by this court in Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983). Reversing a trial court determination that children older than eighteen were nevertheless dependent while they were full time college students, this court said:
In the instant case, it is clear that the final judgment of dissolution was entered well after the effective date of the statute, allowing for a duty to support only until age 18 absent a showing of dependency. The children here were ages 15 and 11 at the time the final judgment was entered, with no physical or mental deficiencies present in the record. The trial court allowed child support in the form of the use and possession of the marital home by the custodial parent to continue beyond majority as long as the youngest child was in college. The trial court apparently saw the attendance at college as a form of dependency, requiring the additional support. We disagree. Generally, the obligation of a parent to support a child ceases when the child reaches majority, but an exception arises when the child, because of physical or mental deficiencies, is unable to support himself. Perla v. Perla, 58 So.2d 689 (Fla. 1952). Attendance at college does not rise to the level of dependence envisioned by the Supreme Court in Perla, so as to require a divorced parent to pay for a child's education. This view has been adopted by the other district courts of appeal in this state, despite dictum to the contrary found in Finn. This comports with the principle that a divorced parent does not have a greater legal obligation to his child than does a parent who has not been divorced. Here, there has been no showing of any dependency as that term is defined by Perla, and the mere fact that children are in college cannot allow support beyond majority to continue. [footnote omitted].
Id. at 260.
Appellant relies on this court's decision in Owens v. Owens, 415 So.2d 855 (Fla. 5th DCA 1982) as support for her position. In Owens, this court held that a divorced father could be required to support a child who had attained eighteen years of age and who was still in school, relying on Finn v. Finn, 312 So.2d 726 (Fla. 1975). In Owens, as in Finn, however, the final judgment of divorce had been rendered prior to July 1, 1973 (the date on which the law reducing the age of majority to eighteen become effective), and both Finn and Owens were bottomed on the proposition that final judgments of divorce rendered when the age of majority was twenty-one would continue to require support to age twenty-one, regardless of the amendment to section 743.07 reducing the age of majority to eighteen. Thus, Owens is correct in relying on Finn for that conclusion. See also, Archer v. Archer, 427 So.2d 325 (Fla. 2d DCA 1983). However, the language in Owens, as in Finn, to the effect that a child otherwise healthy and intelligent who reaches age eighteen is nevertheless a dependent child "because he cannot support himself and properly attend to his high school duties at the same time" is pure dictum, and finds no support in any other decision in this state.
Appellant's position, as does the dictum in Owens, attempts to convert a moral obligation to a legal obligation. There is nothing in the law which, since July 1, 1973, imposes a legal obligation of support upon a parent, married or divorced, of a child who attains age 18 and who is neither physically nor mentally disabled. Because there is no authority for a healthy, able-bodied child of undivorced parents to demand (through suit, if necessary) that his parents provide *645 him with an education past age 16 [see, section 232.01(1)(c), Florida Statutes (1981)] or any type of support beyond age 18, there cannot exist a rule of law that permits a domestic relations judge to create and enforce special duties of support in favor of equally healthy and able-bodied children of divorced parents, once those children reach age 18. Owens, supra (Cowart, J., dissenting).
While we firmly believe that parents, divorced or undivorced should provide their children with as much formal education as each child can absorb and the parents can afford, this court cannot create a legal duty to do so where none exists. That power rests in the legislature. Other courts apparently share this view. Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). See also Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976), where the court struck down a requirement that the father provide support to children past the age of 18 while such "children continue in school or college ..."
The trial court correctly held that it could not award child support to appellant after the child had attained age eighteen, merely because he was still in school, so the order appealed from is
AFFIRMED.
COBB, FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
DAUKSCH and SHARP, JJ., dissent with opinions.
DAUKSCH, Judge, dissenting:
I respectfully dissent for the reasons set out in Owens v. Owens, 415 So.2d 855 (Fla. 5th DCA 1982).
SHARP, Judge, dissenting.
I respectfully dissent. It is now time to focus the law in conformity with morality (as the majority says) or with reality (I would say).
In Owens v. Owens, 415 So.2d 855 (Fla. 5th DCA 1982), we held that a healthy, intelligent, part-time employed eighteen year old who was in the process of completing his final year of high school, but who was necessitous of continuing parental support in order to be able to complete his high school education, was a dependent child within the meaning of section 743.07(2), Florida Statutes (1981). Although the dissolution judgment in that case predated 1973, the modification which was being appealed and which increased the child support payments was post-1973. Therefore, Owens cannot be dismissed as a pre-1973 dissolution case.
The present case is distinguishable from Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983), and other cases cited therein, because Thomas concerned the duty of a divorced parent to provide his child with a college education, as opposed to a high school education. Reality and common sense tells one, if he is alert and listening, that a person who does not have a high school diploma or a G.E.D. certificate in today's job market will surely be relegated to the lowest paying, most menial of jobs, if any can be found.
For the reasons stated in Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), and the famous dictum in Finn v. Finn, 312 So.2d 726 (Fla. 1975),[1] I think a normal child seeking to complete high school, who cannot do so without parental support is "dependent" within the meaning of section 743.07(2), Florida Statutes (1981), because without a high school diploma in today's job market, such young person is at such a great disadvantage, he or she might as well be mentally retarded or physically handicapped. The State of Florida recognizes *646 this reality in its definition of "dependent child" in Chapter 409[2] and in its commitment to continue to provide the services of the foster care program to "individuals 18 to 21 years of age who are enrolled in high school or enrolled in a program leading to a high school equivalency diploma... ."[3] Should not parents, divorced or not, be held to as high a standard?
NOTES
[1] The Florida Supreme Court said in Finn v. Finn, 312 So.2d 726, 731 (Fla. 1975):

The conclusion in White v. White [296 So.2d 619] supra, that "a dependent person" is limited to one who is dependent because of physical or mental incompetence or inability is much too narrow.
[2] Section 409.2554(2), Florida Statutes (Supp. 1982), provides:

"Dependent child" means any person under the age of 18, or under the age of 21 and still in school, who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent.
[3] § 409.145(3)(a), Fla. Stat. (1981).