The Honorable Robert E. Stone State Attorney Post Office Drawer 4401 Fort Pierce, Florida 33450
Dear Mr. Stone:
This is in response to your request for an opinion on the following questions:
 1. MAY THE SEVERAL STATE ATTORNEYS PAY FROM THEIR RESPECTIVE GENERAL REVENUE APPROPRIATIONS DUES AND/OR ASSESSMENTS TO THE FLORIDA PROSECUTING ATTORNEYS ASSOCIATION, A NONPROFIT CORPORATION, UPON THEIR CERTIFICATION THAT MEMBERSHIP IN SAID ASSOCIATION IS ESSENTIAL TO THE STATUTORY DUTIES AND RESPONSIBILITIES OF THEIR AGENCIES?
 2. MAY THE FLORIDA PROSECUTING ATTORNEYS ASSOCIATION, A NONPROFIT CORPORATION, THEN, FROM THE PROCEEDS FROM SAID DUES AND/OR ASSESSMENTS, EMPLOY A GENERAL COUNSEL TO REPRESENT SAID ASSOCIATION BEFORE THE SUPREME COURT, THE SEVERAL DISTRICT COURTS OF APPEAL, THE VARIOUS COMMITTEES OF THE LEGISLATURE, AND THE FLORIDA BAR AND OTHER FORUMS IN MATTERS HAVING INTEREST TO THE SEVERAL STATE ATTORNEYS?
QUESTION ONE
Section 216.345(1), F.S., provides:
 A state department, agency, bureau, commission, or other component of state government, upon approval by the agency head or the designated agent thereof, may utilize state funds for the purpose of paying dues for membership in a professional or other organization only when such membership is essential to the statutory duties and responsibilities of the state agency. (e.s.)
See also, s 216.345(3), F.S., which states that each agency shall promulgate specific criteria to be used to determine justification for payment of such membership dues. The foregoing provisions, authorizing the payment of membership dues by a state agency or other component of state government, would appear to be applicable to the office of the state attorney. See, Title to Ch. 74-91, Laws of Florida, the enabling legislation for s 216.345, which states that it is an act relating "to state agencies and state officers and employees. . . ." (e.s.) Cf., Finn v. Finn, 312 So.2d 726
(Fla. 1975) (title of act not part of basic act but has function of defining scope of act); Speights v. State, 414 So.2d 574 (1 D.C.A.Fla., 1982) (although not part of statute, title is valuable aid in determining legislative intent behind its enactment); Williams v. New England Mutual Life Insurance Company,419 So.2d 766 (1 D.C.A.Fla., 1982); Kirksey v. State, 433 So.2d 1236 (1 D.C.A.Fla., 1983). See generally, s 216.011(1)(e), F.S., which provides that for purposes of the fiscal affairs of the state, the term "State agency" or "agency" means "any official, officer, commission, board, authority, council, committee, or department of the executive branch, or the judicial branch, as herein defined, of state government."
Thus, your first inquiry appears to be controlled by the terms of s 216.345. Your letter does not specify the purposes and objectives of the organization although it is assumed for purposes of this inquiry that the primary objective of the association is the general welfare of the governmental entities it serves. In order to justify membership in the organization pursuant to s216.345, however, membership in such an organization must be essential to the state agency in carrying out its statutorily imposed duties and responsibilities.
It is the responsibility of the State Attorney to determine, based upon the specific criteria promulgated by the State Attorney's Office to be used to determine justification for payment of such membership dues, whether membership in the Florida Prosecuting Attorneys Association or other organization by the State Attorney's Office is essential to the duties and responsibilities of that office. Such a determination may not be delegated to the Attorney General's Office nor may the Attorney General undertake to make such a finding for the State Attorney. In addition, I note that your letter refers to the payment of membership "dues and/or assessments." No information is provided regarding such "assessments." Section 216.345, F.S., however, only provides for and authorizes the payment of membership dues and the comments expressed in this opinion are limited to the payment of such membership dues; nothing contained herein should be construed as authorizing the payment of assessments by the state attorney's office from public funds.
A state agency considering the expenditure of public funds for membership dues should consider the provisions of s 119.012, F.S., which state that "[i]f public funds are expended by an agency defined in s. 119.011(2) in payment of dues or membership contributions to any person, corporation, foundation, trust, association, group, or other organization, then all the financial, business and membership records pertaining to the public agency from which or on whose behalf the payments are made, of the person, corporation, foundation, trust, association, group, or organization to whom such payments are made shall be public records and subject to the provisions of s. 119.07." The statute does not prohibit a public agency or official from joining any association or organization but merely requires that public access to certain records of such association or organization be given if the public agency's or official's dues to such association or organization are to be paid from public funds. Thus, it is the responsibility of the State Attorney's Office to ascertain that such inspection is or will be allowed by the Florida Prosecuting Attorneys Association before public funds are expended to pay the membership dues of the State Attorney's Office. See, AGO's 74-351 and 77-115.
Accordingly, I am of the opinion that the office of the State Attorney is authorized by s 216.345 to expend public funds for the payment of membership dues in the Florida Prosecuting Attorneys Association, provided that such membership is deemed by the State Attorney to be essential to the statutory duties and responsibilities of the State Attorney's Office.
QUESTION TWO
You inquire whether the Florida Prosecuting Attorneys Association, from the proceeds from such membership dues, may employ a general counsel to represent the association before the courts, the Legislature and other forums. Your inquiry thus concerns the authority of the association, a private nonprofit corporation, to expend its funds. This office has no authority to comment upon the actions of a private organization or to advise such an organization as to the propriety of its expenditures. I would, however, generally note that while s 216.345 authorizes the payment of membership dues by state agencies under certain conditions, the statute does not place any limitation on the use of such membership dues received by the professional or other organization. As previously stated, however, this office cannot approve or disapprove the actions of a nonprofit corporation.
In summary, I am of the opinion until and unless judicially determined otherwise that the payment of membership dues in the Florida Prosecuting Attorneys Association by the State Attorney's Office is authorized by s 216.345 when such membership is deemed essential by the State Attorney to the statutory duties and responsibilities of the State Attorney's Office. This office is without the authority, however, to advise the Florida Prosecuting Attorneys Association, a private nonprofit corporation, as to the propriety of its actions in expending its funds to employ a general counsel to represent the association.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General