PER CURIAM.
Pursuant to the former wife’s motion, the trial court ordered the former husband to- make child support payments “until each child reaches age 21, or becomes otherwise emancipated.” We reverse.
Section 743.07, Florida Statutes (1973), which lowered the age of majority to eighteen, took effect on July 1, 1973. Child support orders entered subsequent to the statute’s effective date cannot, with limited exceptions, require a parent to provide support beyond a child’s eighteenth birthday. Wilkerson v. Wilkerson, 430 So.2d 542 (Fla. 1st DCA 1983); see Jones v. Jones, 421 So.2d 815 (Fla. 4th DCA 1982). Of course, prior to section 743.07’s enactment, child support payments were re--quired until the child reached twenty-one years of age. See Finn v. Finn, 312 So.2d 726 (Fla. 1975).
In the case at bar, the husband and wife were divorced in December, 1972. The husband, however, was not ordered to make child support payments until July 6, 1973, five days after the effective date of section 743.07. Prior to entry of the court’s July 6th order, the husband had voluntarily made monthly payments. However, this did not constitute, nor did the trial court find, a pre-July 1st child support agreement between the husband and wife. Cf. Bird v. Bird, 436 So.2d 981 (Fla.3d DCA 1983); contra Kramer v. Kramer, 26 Md.App. 620, 339 A.2d 328 (1975). Since the trial court entered its child support order after section 743.07’s effective date, the former husband’s legal obligation to provide child support terminated upon the youngest child attaining majority, i.e., eighteen years of age.
*81 Accordingly, the order requiring husband to make payments until each child reaches age twenty-one is reversed.
HURLEY and WALDEN, JJ., and NORRIS, WILLIAM A. Jr., Associate Judge, concur.