450 So.2d 853 (1984)
Beverly GRAPIN, Petitioner,
v.
Bertram GRAPIN, Respondent.
No. 63869.
Supreme Court of Florida.
May 17, 1984.
*854 Brian R. Hersh of Hersh & Bernstein, Miami, for petitioner.
Norman S. Klein and Linda A. Fenner of Schwartz, Klein, Steinhardt, Weiss & Weinstein, North Miami Beach, for respondent.
Marsha B. Wiser, Chairman, Brenda M. Abrams, Chairman-Elect, Cynthia L. Greene of Melvyn B. Frumkes, P.A., Miami, and C. Edwin Rude, Jr., of Ervin, yarn, Jacobs, Odom & Kitchen, Tallahassee, for The Family Law Section of The Florida Bar, amicus curiae.
McDONALD, Justice.
We have for review Grapin v. Grapin, 430 So.2d 926 (Fla. 3d DCA 1983), because of conflict with Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA), review dismissed, 392 So.2d 1377 (Fla. 1980). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution and approve the decision under review.
In a 1982 dissolution action the trial court entered a final judgment that included a provision requiring Mr. Grapin to pay the expenses of his emancipated daughter's college education. The district court reversed the education costs provision in the final judgment on the grounds that a parent has no legal duty to provide post-majority support to an otherwise healthy child, absent either a finding of legal dependence or a binding contractual agreement by the parent to pay such support, neither of which conditions occurred here. We agree that a trial court may not order post-majority support simply because the child is in college and the divorced parent can afford to pay. See also Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983); Jones v. Jones, 421 So.2d 815 (Fla. 4th DCA 1982); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA), cert. dismissed, 319 So.2d 31 (Fla. 1975); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).
The second district took a contrary position in Nicolay. There the district court affirmed an increase in alimony based upon the wife's need for funds to provide a college education for her children, as expected by the parties' standard of living during the marriage. 387 So.2d at 506. We disagree with this indirect method of compelling unwilling divorced parents to provide college costs for their capable adult children.
While most parents willingly assist their adult children in obtaining a higher education that is increasingly necessary in today's fast-changing world, any duty to do so is a moral rather than a legal one. Parents who remain married while their children attend college may continue supporting their children even beyond age twenty-one, but such support may be conditional or may be withdrawn at any time, and no one may bring an action to enforce continued payments. It would be fundamentally unfair for courts to enforce these moral obligations of support only against divorced parents while other parents may do as they choose. As Judge Cowart pointed out in his dissent to a decision affirming a post-majority support order for a high school student:
It denies such divorced parents their constitutional right to equal treatment under law; that being the same right to voluntarily make such decisions concerning their adult children as other, undivorced parents have under law. I cannot agree with a rule of law that permits domestic relations judges to create and enforce special duties of support in favor of adult children against divorced parents which are not provided by general law equally applicable to all parents.
Owens v. Owens, 415 So.2d 855, 858 (Fla. 5th DCA 1982) (Cowart, J., dissenting).
Any reliance on dictum in Finn v. Finn, 312 So.2d 726, 731 (Fla. 1975), for the proposition that parents, married or divorced, may be required to pay post-majority education support based only upon need and the ability to pay is misplaced. The dictum from Finn refers to the societal ideal of continued parental support for the education and training of these children. These statements of concern neither created a *855 legal duty nor provided a new cause of action.
Accordingly, we approve the decision under review and disapprove Nicolay to the extent that it conflicts with this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.