456 So.2d 956 (1984)
Adolphus Daniel EVANS, Appellant,
v.
Rhoda Rea EVANS, Appellee.
No. AV-53.
District Court of Appeal of Florida, First District.
September 26, 1984.
Rhonda S. Martinec, John F. Daniel, Chartered, Panama City, for appellant.
William E. Harris, Panama City, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which he is required to contribute to the support of his minor child until the child "reaches the age of 19 or graduates from high school, whichever occurs first." The trial court expressly found that appellant's seventeen year old offspring, who would reach his eighteenth birthday during his senior year of high school, "cannot fully support himself and properly attend to his high school studies... ." Appellant contends that he may not be required to provide support beyond the child's eighteenth birthday. We affirm the order appealed.
In removing the general disabilities of nonage for persons of eighteen years, § 743.07, Fla. Stat., expressly provides that it "shall not prohibit any court ... from requiring support for a dependent person beyond the age of 18... ." In Finn v. Finn, 312 So.2d 726 (Fla. 1975), the Florida Supreme Court indicated that such dependency should not be restricted to physical or mental incapacity, and may encompass the economic dependency of an offspring pursuing an education beyond the age of 18. Accord, Ulbrich v. Ulbrich, 317 So.2d 460 (Fla. 4th DCA 1975). In the present case there is evidentiary support for the trial court's findings regarding the child's continuing need for support, and appellant's ability to contribute thereto, so as to establish the child's economic dependency pursuant *957 to Finn as a predicate for the continuing support awarded.[1]
Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983), en banc, reached a result contrary to that which we herein adopt, and dismissed as mere dicta the relevant principles espoused in Finn. However, we find the rationale in Finn to be more persuasive than that in Keenan, which fails to give sufficient regard to the actual and legal impact of a dissolution upon the familial relationship and attendant obligations. As Finn observes:
... a person over 18 ... may indeed be dependent on the help of others to obtain what education and training is needed to be competitive in the economic system in which he must make his way. He and society have a right to expect his parents to meet that need to the reasonable extent of their abilities... .
While Grapin v. Grapin, 450 So.2d 853 (Fla. 1984), also characterizes such language in Finn as dicta which refers to a "societal ideal" and which creates neither a legal duty nor a "new" cause of action, the narrow holding in Grapin did not encompass the issue addressed in the present case. In Grapin the court ruled only that a parent has no legal duty to provide post-majority support during an offspring's college education, "absent either a finding of legal dependence or a binding contractual agreement... ." However, Grapin did not directly address the issue of whether legal dependency, in the circumstances here presented, may be predicated on a finding of economic incapacity, apart from any mental or physical infirmity. We conclude that legal dependency may be so predicated, and that in the present case the trial court did not err in finding that appellant's child, while pursuing a high school education, remains "a dependant person" within the ambit of § 743.07(2) so as to permit an award of continuing parental support beyond the child's eighteenth birthday.
We hereby certify that the decision in the present case is in direct conflict with Keenan v. Keenan, supra, and we affirm the order appealed.
SMITH, and WIGGINTON, JJ., concur.
NOTES
[1] The present case is thus unlike Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976), wherein the trial court made no express finding of need or dependency.