511 So.2d 404 (1987)
Richard F. CARTER, Appellant,
v.
Jonalene CARTER, Appellee.
No. 4-86-0962.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
*405 Jack Edward Orsley of Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
Appellee, the divorced mother of a high school student, sought a modification of child support. The order granting the modification provided:
A. The husband shall pay child support for RICHARD in accordance with Exhibit "A". The husband's child support obligation shall continue past the child's 18th birthday if the child is still attempting to complete high school.
In that event it will end on:
1. his dropping out; or
2. his graduation from high school; or
3. his 19th birthday, whichever comes first.
Appellant, the child's father, contends that the trial court erred by extending his childsupport obligation beyond the child's eighteenth birthday. The father submits that a court may not require a parent to support a child beyond his eighteenth birthday simply because that child is still attending high school. We agree.
The fact that a post-majority child is still attending high school does not make that child dependent within the meaning of section 743.07, Florida Statutes (1985). See Grapin v. Grapin, 450 So.2d 853 (Fla. 1984); French v. French, 452 So.2d 647 (Fla. 4th DCA 1984); Haskew v. Haskew, 448 So.2d 79 (Fla. 4th DCA 1984); Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982); Genoe v. Genoe, 373 So.2d 940 (Fla. 4th DCA 1979); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Priede v. Priede, 474 So.2d 296 (Fla. 2d DCA 1985); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).
In Grapin v. Grapin, the Florida Supreme Court held that it would be fundamentally unfair to require divorced parents to provide a college education to their post-majority children. The Grapin opinion quoted with approval the following dissent:

*406 As Judge Cowart pointed out in his dissent to a decision affirming a post-majority support order for a high school student:
It denies such divorced parents their constitutional right to equal treatment under law; that being the same right to voluntarily make such decisions concerning their adult children as other, undivorced parents have under law. I cannot agree with a rule of law that permits domestic relations judges to create and enforce special duties of support in favor of adult children against divorced parents which are not provided by general law equally applicable to all parents.

Owens v. Owens, 415 So.2d 855, 858 (Fla. 5th DCA 1982) (Cowart, J., dissenting)
450 So.2d 854.
It is noteworthy that the Owens opinion concerned a divorced parent's obligation to provide continued support for a post-majority high school child. We believe that the supreme court, by relying on the dissent in Owens, has endorsed the proposition that an order extending the obligation to support a post-majority high school child would deny the paying parent his or her constitutional right to equal treatment under the law since an undivorced parent has no such support obligation. Thus, the supreme court has indirectly expressed itself on this issue.
We are aware of the holding in Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984), that legal dependency of a child attending high school can be predicated upon economic incapacity, apart from any mental or physical infirmity. Evans cites Finn v. Finn, 312 So.2d 726 (Fla. 1975), for its contention that legal dependency may encompass the economic dependency of an offspring pursuing a high school education beyond the age of eighteen. However, we believe any reliance on the dictum in Finn for the proposition that high school attendance alone renders a post-majority child dependent is in direct conflict with the reasoning of the supreme court's decision in Grapin. See Grapin, 450 So.2d at 854-55. We are also aware of the third district's decision in Plant v. Plant, 504 So.2d 44 (Fla. 3d DCA 1987), although it is difficult to determine from the limited facts set forth in Plant whether it conflicts with the present case.
In accord with the supreme court's decision in Grapin, the Fifth District Court of Appeal in Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983), denied support to an eighteen-year-old high school student. The Keenan court, reasoning that it could not convert a moral obligation of support into a legal duty, stated:
Because there is no authority for a healthy, able-bodied child of undivorced parents to demand (through suit, if necessary) that his parents provide him with an education past age 16 ... or any type of support beyond age 18, there cannot exist a rule of law that permits a domestic relations judge to create and enforce special duties of support in favor of equally healthy and able-bodied children of divorced parents, once those children reach age 18.
440 So.2d 644-45.
The second district, reaching a similar conclusion, reversed an order that required a father to provide support for his eighteen-year-old daughter until her graduation from high school. Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986). While agreeing that a parent has a moral duty to provide a child with a high school education, the court in Stultz nevertheless held that, absent a finding of mental or physical deficiency, a parent has no legally enforceable duty of support to an adult child. As pointed out in that opinion: "[I]f a legal duty to provide post-majority high school education support is to be created, the legislature is the fountain out of which this legal duty is to spring." 504 So.2d at 6.
In short, as the law stands in Florida today, a parent has no legal obligation to support a child who has attained his majority unless that child is statutorily dependent. Although we may wish it otherwise, attendance at high school or college classes, resulting in economic dependence upon the parents, does not transform an *407 otherwise ineligible adult child into a dependent as contemplated by section 743.07, Florida Statutes (1985). Since the child here appears to be dependent only by reason of his attendance at high school, we must reverse the order of the trial court insofar as it requires the father to pay support beyond the child's eighteenth birthday.
REVERSED.
DELL and GUNTHER, JJ., concur.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
The opinion for the majority offers propositions which are unacceptable to me. Those are:
(1) The majority reasons that the supreme court in Grapin v. Grapin, 450 So.2d 853 (Fla. 1984), a case involving a college student, must have "indirectly expressed itself" on the present issue involving a high school student, because it knew that Owens v. Owens, 415 So.2d 855 (Fla. 5th DCA 1982) was a high school case. There are probably numerous counters available to this reasoning, but this writer will mention only a few. First, the Grapin opinion says:
While most parents willingly assist their adult children in obtaining a higher education that is increasingly necessary in today's fast-changing world, any duty to do so is a moral rather than a legal one.
Id. at 854 (emphasis added). The Florida Supreme Court surely would not classify a high school education as "higher education." Second, to follow the majority's logic, one would have to assume that the First District Court of Appeal was guilty of arrogance, as Evans was decided after Grapin, and accurately points out the following:
In Finn v. Finn, 312 So.2d 726 (Fla. 1975), the Florida Supreme Court indicated that such dependency should not be restricted to physical or mental incapacity, and may encompass the economic dependency of an offspring pursuing an education beyond the age of 18. Accord, Ulbrich v. Ulbrich, 317 So.2d 460 (Fla. 4th DCA 1975). In the present case there is evidentiary support for the trial court's findings regarding the child's continuing need for support, and appellant's ability to contribute thereto, so as to establish the child's economic dependency pursuant to Finn as a predicate for the continuing support awarded.[1]
* * * * * *
While Grapin v. Grapin, 450 So.2d 853 (Fla. 1984), also characterizes such language in Finn as dicta which refers to a "societal ideal" and which creates neither a legal duty nor a "new" cause of action, the narrow holding in Grapin did not encompass the issue addressed in the present case. In Grapin the court ruled only that a parent has no legal duty to provide post-majority support during an offspring's college education, "absent either a finding of legal dependence or a binding contractual agreement... ." However, Grapin did not directly address the issue of whether legal dependency, in the circumstances here presented, may be predicated on a finding of economic incapacity, apart from any mental of physical infirmity. We conclude that legal dependency may be so predicated, and that in the present case the trial court did not err in finding that appellant's child, while pursuing a high school education, remains "a dependant [sic] person" within the ambit of § 743.07(2) so as to permit an award of continuing parental support beyond the child's eighteenth birthday.
[1] The present case is thus unlike Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976), wherein the trial court made no express finding of need or dependency.
Id. at 956, 957. Third, the majority's contention that the Evans reasoning "is in direct conflict" with that of Grapin is untenable. Only by reading into Grapin what is patently not there can one come to this conclusion.
(2) The majority reads into Grapin the conclusion that Grapin includes a high school education in its statement that parents have no legal obligation to provide *408 children with higher education; then they recite this conclusion to be the law of Florida! Such reasoning approaches bootstrapping.
In seeking out supports for reversal, the majority has located a newly decided case of which neither the majority nor this writer was previously aware, namely Plant v. Plant, 504 So.2d 44 (Fla. 3d DCA 1987). I leave it to the reader to determine whether the following statement of the majority is correct:
"It is difficult to determine from the limited facts set forth in Plant whether it conflicts with the present case."
Plant says, in pertinent part:
We reverse, however, that portion of the Order denying the wife's motion for modification of child support for the parties' son Wade, who reached the age of eighteen prior to completing high school, and remand the cause for the trial court to determine whether Wade was a dependent person entitled to support within the meaning of section 743.07(2), Florida Statutes (1983).[2] See Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984); cf. Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986); Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983) (en banc).
[2] Section 743.07 Fla. Stat. (1983), states:
743.07 Rights, privileges, and obligations of persons 18 years of age or older. 
(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section and except as otherwise provided in the Beverage Law.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
Id. at 45. Can we tell what we need to know about the facts in Plant?
Volume XX, Number 4 (Winter 1987) of Family Law Quarterly contains an article by Kathleen Conrey Horan entitled "Postminority Support for College Education  A Legally Enforceable Obligation in Divorce Proceedings?" She writes:
A number of states permit court-initiated awards of postminority support.[9]
[9] Examples of states which currently permit court-compelled postminority support include: New Hampshire, New York, Pennsylvania, New Jersey, California, Colorado, Washington, Iowa, Indiana, Oregon, Illinois, Mississippi, South Carolina, and Missouri. Annot., 99 A.L.R.3d 322 (1980). Florida will compel postminority support upon a finding of actual dependency, but attendance at college does not necessarily render a child dependent. See Slaton v. Slaton, 428 So.2d 347 (Fla. 1 Dist.App. 1983).
Id. at 592 (emphasis added). The worst part of the majority's faulty reasoning is that they have taken the focus away from the area that numerous child advocates deem to be very important. These child advocates consider the dependency of children in high school to be a "given", and are hopeful that Florida's legislature will enable trial judges to require financially able parents to provide reasonable college educations for able and desiring children. We realize now, as we did when French was decided, that it will take legislation to make that possible. The majority's holding in this case is regressive and a major disappointment. Ms. Horan writes at 590, 591:
In 1971 the Twenty-sixth Amendment was adopted, which lowered the voting age from twenty-one to eighteen.[2] This occurred in the wake of the Vietnam War and reflected the sentiment that if eighteen-year-olds were old enough to be drafted and sent to war, they were old enough to participate in the election of the politicians who made such decisions. Most states went beyond the requirements of the constitutional amendment, passing statutes which not only permitted eighteen-year-olds to vote, but reduced the age of majority to eighteen for most other purposes also.[3]
* * * * * *
The reduction in the age of majority to eighteen made an existing problem more acute. Whereas a twenty-one-year old may be almost through college, many eighteen-year-olds are still in high school. Prior to the change in the age of majority, *409 courts could provide for college tuition (in the appropriate case) by increasing the amount of child support as needed when the child entered college. Though many college students did not graduate until after their twenty-first birthdays, the issue of postminority support was infrequently litigated because the hardship on the child or custodial parent to provide for a final year of college was less burdensome.
[2] U.S. Const. amend. XXVI, § 1.
[3] An example is the New Mexico statute which provides: "Any person who has reached his eighteenth birthday shall be considered to have reached his majority as provided in Section 12-2-2 NMSA 1978 and is an adult for all purposes the same as if he had reached his twenty-first birthday." 11 N.M. Stat. Ann. § 28-6-1 (1978).
Children in high school regardless of age are generally dependent upon their parents for many or all of the basic necessities  food, shelter, clothing and health care. I believe the legislature understood that reality in enacting section 743.07(2), Florida Statutes (1985), which provides:
This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
This court has not, to my knowledge, previously stated that a child is not dependent when over eighteen and still attending high school. What this court has previously held  reluctantly, I would presume, in French v. French, 452 So.2d 647 (Fla. 4th DCA 1984)  is that, in the absence of enabling legislation, we cannot require parents, notwithstanding their financial ability, to provide a reasonable college education for their able and desirous children. The majority opinion expands that view to include a high school education as well, when it need not have done so in light of the convincing rationale in Evans, coupled with a realistic interpretation of the legislative intent in section 743.07(2).
The majority opinion now aligns this court with the Second District Court of Appeal in Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986) and with a majority of the Fifth District Court of Appeal which decided, en banc, Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983).
There is no need to dwell upon the importance of a high school education, although Judge Sharp, in her dissent in Keenan, ably describes it; and in C.J. v. School Board of Broward County, 438 So.2d 87, 88 (Fla. 4th DCA 1983), we quoted Judge Godbold's equally discerning views in Lee v. Macon County Board of Education, 490 F.2d 458, 460 (5th Cir.1974).
A couple of years ago, the president of the Children's Home Society gave the writer a picture bordered by a calligraphic message:
There are two lasting bequests we can give our children:
One is roots
The other is wings
While we can only conjecture as to the effect of the parents' failed marriage upon this child's roots, which is not before us, the effect upon his wings is. The reversal in this case unhappily reinforces the likelihood that children who were unable to earn a high school diploma by age eighteen will not have the opportunity to earn one later, unless they have some means of support other than the parent previously providing support.
The court in Evans raised a point that neither party here has discussed; namely, the question whether the trial court must make a finding of dependency in its order. The First District Court of Appeal would require such finding. Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976), which established the requirement, involved  unlike the instant case or Evans  an open-ended order, containing no termination date, and reciting the following:
"The remaining minor child, namely: John Edward Dwyer, is presently 18 years of age and is expected to secure employment for the summer months of *410 the present year and enter a college or university in the fall."
Id. at 74 n. 2.