LETTS, Judge,
concurring in part and dissenting in part.
The majority opinion is somewhat cryptic, but I find no fault with it, with the exception of the ultimate paragraph.
By giving the wife sole and exclusive occupancy of the marital home for a considerable period beyond the eighteenth birthday of the youngest child, the trial court clearly violated this court’s holding in Carter v. Carter, 511 So.2d 404 (Fla. 4th DCA 1987). As a consequence, this aspect of the final judgment should be unequivocally reversed rather than be reversed and remanded for “reconsideration.”
It is true that, because something else may have been intended, the final judgment made some reference to the oldest child Greg being “dependent” apparently because he was already 18 years old. That was error. The final judgment also observed that Greg had a port-wine birthmark that needed removal. However, there was no evidence whatsoever that this birthmark made him dependent and the wife never alleged that it did, either in the trial court or in her brief on appeal. Moreover, the provision about exclusive occupancy would also appear to cover a period after the youngest child, Marianne, reaches the age of 18. There is no suggestion, as to her, of continuing dependency for any reason whatsoever other than her present age of 16.
I therefore dissent as to any remand for reconsideration of this issue, although I concur as to its reversal.
Finally, the majority opinion only reverses this issue as to the youngest child. Clearly, it should be reversed as to both children.